[Civ. No. 5020. Third Appellate District.—May 22, 1934.]

CHAMBERLIN STEAMSHIP CO., LTD. (a Corporation), Appellant, v. W. T. WOODCOCK, Respondent.

Esmond Schapiro for Appellant.

Arthur W. Hill and Arthur W. Hill, Jr., for Respondent.

PLUMMER, J.—The plaintiff began this action to collect from the defendant the sum of $1784.76, alleged to be due the plaintiff for and on account of money received by the defendant for the uses and purposes of the plaintiff. The answer of the defendant denies indebtedness to the plaintiff, and by way of cross-complaint alleges that the plaintiff was indebted to the defendant in the sum of $99.81. The defendant had judgment for the sum of $99.81, and also to the effect that the defendant was not indebted to the plaintiff in any sum whatsoever. From this judgment the plaintiff appeals.

The record shows that for several years the defendant acted as agent for one Houda, as agent for the Nelson Steamship Company from the year 1922 to August, 1929, upon a commission basis for two years and upon a salary basis of $250 per month for five years of that time.

It also appears that from August, 1929, to July 16, 1930, the defendant had worked for one Houda at a salary of $250 per month. There is testimony to the effect that at the time of the beginning of this employment the defendant and Houda had a conversation in which the defendant stated to Houda that he was then drawing a salary of $250 per month, and that if he quit the Nelson Steamship Company and went to work for Houda, who was then managing the Coast Steamship Company, he would have to have a salary of at least $350 per month, and that it was agreed that the defendant should work for a commission of seven and one-half per cent, with a guarantee that the commissions should amount to at least $250 per month. This employment continued until about the first of the year 1931. The commissions did not aggregate the sum of $250 per month, and the defendant retained out of the collections made by him for the Coast Steamship Company the sum of $1784.76, alleged as the balance due him as salary on account of his employment.

The record shows that just preceding January 1, 1931, the Coast Steamship Company transferred its business to the

Chamberlin Steamship Co., Ltd. The terms of employment, related by the defendant, with Houda as agent of the Coast Steamship Company, are stated definitely by Houda.

The court found that the defendant was not indebted to the plaintiff in any sum whatsoever, and irrespective of the terms of the employment under which the defendant was working for the Coast Steamship Company, the judgment of the trial court must be sustained.

This action was begun by the Chamberlin Steamship Co., Ltd., a corporation, for which the respondent was not an employee during any of the time preceding January 1, 1931. From January 1, 1931, all the accounts between the plaintiff and the defendant were settled, save and except that the plaintiff, at the time of the beginning of the action, was indebted to the defendant for his services in the sum heretofore stated.

At the time of acquiring of the business of the Coast Steamship Company by the plaintiff, it did not take over and did not become the owner of any of the accounts or moneys owing to the Coast Steamship Company. The testimony of E. A. Chamberlin, vice-president of the Chamberlin Steamship Co., Ltd., a corporation, after relating something of the business of the company, is as follows: ''Q. And the Chamberlin Steamship Co., Ltd., acquired all of the business property and assets of the Coast Steamship Co., at that time? A. No, there was no assets or anything of that kind. The Chamberlin Steamship Co., Ltd., acquired whatever the Coast Steamship Company had in the line of their business, but none of their accounts or anything like that.'' The testimony then goes on to state that Mr. Houda joined the Chamberlin Steamship Co., Ltd. This testimony shows conclusively that the plaintiff had no cause of action against the defendant. Whatever indebtedness, if any, existed between the defendant and the Coast Steamship Company was a matter to be litigated between that company and the respondent, there having been no assignment of any claims held by the Coast Steamship Company against the defendant.

The testimony quoted above showing that the plaintiff had and has no cause of action against the defendant by reason of any claimed indebtedness of the defendant to the

Coast Steamship Company, it is unnecessary to discuss any of the points urged by reversal upon this appeal.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 20, 1934.